UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLORIA RAMOS, etc.,

    Plaintiff,

v.                                      No.3:07-cv-37-J-12TEM

CITY OF JACKSONVILLE, etc., et al.,

    Defendants.

## ORDER

This cause is before the Court on Defendant City of Jacksonville's Motion to Dismiss (Doc.17), filed May 25, 2007, and the Individual Defendants' Motion to Dismiss (Doc.18), filed that same date. The Plaintiff filed responses to the motions to dismiss (Docs. 21 and 22) on June 22, 2007.[1]

Plaintiff Gloria Ramos, as Personal Representative of the Estate of Rafael Souffront, filed her Amended Complaint (Doc.15) on May 11, 2007. The Amended Complaint sets forth various causes of action related to the alleged beating and death of Rafael Souffront at the Jacksonville Sheriff's Office (JSO) Pre-Trial Detention facility on or about January 19, 2005, after his arrest, but prior to a preliminary hearing.

Counts I-III of the Amended Complaint assert causes of action against Defendant City of Jacksonville (COJ) for negligent failure to train, negligent supervision, and battery,

---

[1] The Plaintiff originally filed her responses (Docs. 19 and 20) on June 7, 2007. The Court directed the Clerk to request that the Plaintiff re-file those responses in an attempt to improve the document print quality. The responses are identical and the Court will refer to the later filed documents in this Order.

respectively. Count XIV[2] asserts a cause of action for wrongful death against the COJ. Count XXV[3] is a cause of action against the COJ pursuant to 42 U.S.C. § 1983 (§ 1983).

Counts IV-XIII assert causes of action against JSO Officers W.R. Messick, L.B. Nelson, Jr., R. Pruett, D.L. Morris, C.B. Knight, J.E. Chafen, M. Thomas, John Doe #1, John Doe #2, and John Doe #3, (the Individual Defendants) for battery. Counts XV-XXIV[4] assert causes of action for wrongful death against each of the Individual Defendants. As discussed below, the Plaintiff also appears to assert a claim under § 1983 against the Individual Defendants in Count XXV.

The Court will discuss the motions to dismiss as to the COJ and the Individual Defendants, in turn. For the reasons stated herein, the Court will grant the motions to dismiss as to some counts in their entirety and with leave to amend as to some counts.

## CITY OF JACKSONVILLE'S MOTION TO DISMISS

Defendant COJ, a municipality, maintains that the Amended Complaint must be dismissed as to the claims against it for the following reasons: 1) the pleading requirements of Fed.R.Civ.P. 8 have not been met; 2) there is no municipal liability under § 1983 on the facts of this case under the Fourth and Fifth Amendments of the United States Constitution; 3) Plaintiff has failed to state a claim for municipal liability under § 1983 for

---

[2]   Count XIV is mislabled as Count XVI in the Amended Complaint.

[3]   Count XXIV of the Amended Complaint is actually Count XXV, as there are two Counts labeled XXII.

[4]   There are two Counts labeled XXII, so the Count labeled XXIII in the Amended Complaint is in fact Count XXIV.

a violation of the Fourteenth Amendment to the United States Constitution; 4) Plaintiff cannot state a claim under state law against the COJ for failure to train; 5) Plaintiff has not stated a claim under state law for negligent supervision; 6) Plaintiff cannot state a claim under state law against the COJ for battery; 7) Plaintiff cannot state a claim under state law against the COJ for wrongful death. The Court addresses each of these seven grounds below.

Federal Rule of Civil Procedure 8 – Ground 1

Federal Rule of Civil Procedure 8(a) requires that claims for relief contain: 1) a short and plain statement of jurisdiction; 2) a short and plain statement of the claim showing entitlement to relief; and 3) a demand for judgment for the relief sought. Federal Rule of Civil Procedure 8(f) requires the Court to construe all pleadings so as to do substantial justice. The Plaintiff's Amended Complaint is not a model of clarity, and as more fully discussed below, the Court will grant the COJ's motion to dismiss without leave to amend as to some counts and with leave to amend as to others.

§ 1983 Liability – Count XXV – Grounds 2-3

In order for a municipality to be liable under § 1983 a plaintiff must show: 1) a violation of a constitutional right; 2) a custom or policy of the municipality constituting deliberate indifference to that constitutional right; and 3) that the custom or policy caused the violation of the constitutional right. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). A municipality is not liable under § 1983 solely for the acts of its employees. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-695 (1978).

In ruling on the motion to dismiss, the Court must determine whether the allegations in Plaintiff's Amended Complaint are sufficient to state a cause of action against the COJ under § 1983. The Court cannot make a determination regarding the sufficiency of the proof of those allegations at this stage of the proceedings.

With regard to her § 1983 claim, various portions of the Amended Complaint contain assertions of what appear to be the policies or procedures that Plaintiff alleges caused the Individual Defendants to violate Rafael Souffront's constitutional right to be free from excessive force and to be free from deprivation of his liberty interests without due process of law. See Doc. 15, ¶¶ 43-44 (untimely and cursory system of review of police misconduct), ¶ 47, 49 and 51 (failure to train officers regarding proper use of force), and ¶¶ 57 and 59 (failure to properly supervise Individual Defendants). These allegations are contained in counts which do not have as an element of the cause of action any such custom, policy, or practice. These allegations are not contained, however, in Count XXV asserting a cause of action under § 1983 against the COJ,[5] which states only that the actions of the Individual Defendants allegedly causing the death of Rafael Souffront were taken pursuant to "official custom, policy, or practice of the Defendant COJ." Doc. 15 at ¶ 162.

It is not sufficiently clear from Count XXV, even reading it in conjunction with the other allegations contained in the Amended Complaint, what specific policy or policies,

---

[5] The Court acknowledges that Count XXV incorporates by reference all of the preceding paragraphs of the Amended Complaint, however, as stated herein, the Court is of the opinion that such incorporation does not sufficiently clarify which policy or policies, custom(s), practice(s), or procedure(s) the Plaintiff asserts as the basis for the COJ's municipal liability pursuant to § 1983.

custom(s), procedure(s) or practice(s) the Plaintiff alleges to have been the cause of the Constitutional violations against Rafael Souffront. As a result, the Court will grant the COJ's motion to dismiss with leave to amend as to Count XXV.

The Plaintiff does not contest that allegations in the Amended Complaint asserting violations of Fourth and Fifth Amendment rights are due to be stricken, because as a pre-trial detainee, Rafael Souffront may assert claims only under the Fourteenth Amendment. Accordingly, allegations regarding alleged violations of the Fourth and Fifth Amendments must be stricken.

Failure to Train – Count I – Ground 4

In paragraphs 47 and 49 of Count I of her Amended Complaint, the Plaintiff asserts that the COJ "owed a duty to properly train its officers concerning the use of force on its citizens while performing their duties" and "breached its duties by failing to properly train its officers concerning the proper use of force."[6] Count I does not allege that the COJ had an existing training program in place regarding the use of force.

The Eleventh Circuit has recognized that a claim for negligent training is barred by Florida's sovereign immunity law. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1117-1118 (11th Cir. 2005). "[A] city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion

---

[6] The Court also notes that paragraph 43 of Count I asserts that the COJ "maintained a system of review of police misconduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by officers of JSO." It is unclear to the Court how this allegation pertains to the claim of negligent failure to train, and appears to be an assertion of a custom, practice, or policy in order to establish municipal liability under § 1983.

5

...." Id. at 1118 (citation omitted). "[U]nder Florida law, a governmental entity is immune from tort liability based on actions that involve its 'discretionary functions.'" Id. at 1117 (citation omitted).

In her response to the motion to dismiss, the Plaintiff states that she "alleges and/or attempts to allege that the City implemented a training program for the proper use of force, but that it maintained a system of review of police misconduct which was simply ineffective and that as a consequence it permitted and tolerated unreasonable and excessive use of force." Doc. 21 at pp. 3-4. In order to state a claim for negligent training, the Plaintiff must challenge the implementation or operation of the COJ's training program as it relates to the Individual Defendants. See Id. at 1118.

Based on the allegations in the Amended Complaint and Plaintiff's response to the motion to dismiss, it is unclear to the Court whether it is the implementation of the training program regarding the use of force, or whether it is the system of review of police misconduct, arguably not part of the training program per se, or both, that the Plaintiff asserts having caused the beating and death of Rafael Souffront. Therefore, Count I against the COJ must be dismissed with leave to amend.

Negligent Supervision – Count II – Ground 5

In order to state a claim for negligent supervision under Florida law, a plaintiff must assert that the employer knew or should have known of the particular employee's harmful propensities, failed to take any corrective action, and such failure caused the alleged harm. Malicki v. Doe, 814 So.2d 347, 362 and n.15 (Fla. 2002).

Count II of Plaintiff's Amended Complaint states that "[i]t was known, or with the

6

exercise of due diligence should have been known, to the Defendant COJ that there existed within JSO a history of abusive treatment and negligence of duty prior to the incident in question." Doc. 15 at ¶ 53. Count II goes on to state that [d]espite Defendant JSO's knowledge of this extensive abusive background, the supervisor(s) on the scene failed to take any precautions to curtail the Defendant's employees' activities during the officers' interaction with Souffront." Id. at ¶ 55.

Nowhere does Count II allege that the COJ had or should have had knowledge as to a history of abusive treatment with respect to any of the Individual Defendants.[7] As a result, Count II does not state a claim for negligent supervision against the COJ and must be dismissed with leave to amend.

Battery and Wrongful Death – Counts III and XIV – Grounds 6-7

Both Counts III and XIV for battery and wrongful death against the COJ are due to be dismissed because Fla. Stat. § 768.28(9) provides that state government is not liable for acts or omissions of employees "committed ... with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." In her Amended Complaint, the Plaintiff asserts that the Individual Defendants acted " with actual malice," "with willful and wanton indifference," "with deliberate disregard," and "with intent."

---

[7] The Court notes that paragraph 162 of the Amended Complaint states that "[the Individual Defendants] either having been involved in instances similar to this or knowing of instances similar to this where no corrective action was undertaken by the Defendant COJ, felt that there would not or could not be any repercussions as a result of their activity in this manner (emphasis added)." The Court is of the opinion that this allegation, contained in Count XXV, does not allege with sufficient clarity that the COJ had the requisite knowledge of an abusive history regarding any Individual Defendant. Moreover, that allegation is not incorporated by reference into Count II.

Doc. 15 at ¶¶ 40, 63 and 107. Plaintiff's allegations concerning the Individual Defendants actions in this case clearly fall within this immunity from liability. As a result, Counts III and XIV against the COJ must be dismissed without leave to amend.[8]

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

The Individual Defendants seek dismissal of the Amended Complaint because the Plaintiff: 1) cannot overcome the Individual Defendants' qualified immunity defense; 2) has failed to meet the pleading requirements of Fed.R.Civ.P 8 and Eleventh Circuit case law; 3) cannot assert any Fourth or Fifth Amendment constitutional violations under 42 U.S.C. § 1983 on the facts of this case; 4) had failed to sufficiently plead a Fourteenth Amendment claim under 42 U.S.C. § 1983; and 5) has failed to plead a state law wrongful death claim.

### Qualified Immunity–Ground 1, Federal Rule of Civil Procedure 8 and 11th Circuit Case Law– Ground 2, and § 1983 Claims – Grounds 3-4

The Individual Defendants' first four ground for dismissal all concern the viability of a § 1983 claim against them.

As stated above, the Plaintiff does not contest that allegations in the Amended

---

[8] The Court notes that Count XIV for wrongful death against the COJ contains an allegation that the intentional actions of the Individual Defendants that allegedly caused the death Rafael Souffront were taken pursuant to a policy, procedure, custom, or practice of the COJ. However the specific policy, procedure, custom, or practice is not indicated in that count. Such allegation is not an element of a cause of action for wrongful death. Such allegation relates to Plaintiff's claim under § 1983 and should be included therein, as appropriate, for the sake of clarity.

Complaint asserting any violations of Fourth and Fifth Amendment rights are due to be stricken, because as a pre-trial detainee, Rafael Souffront may assert claims only under the Fourteenth Amendment. Accordingly, any assertions of alleged violations of the Fourth and Fifth Amendments must be stricken.

Count XXV is the only count in Plaintiff's Amended Complaint designated as a claim pursuant to § 1983. That count recites that the actions of the Individual Defendants described elsewhere in the Amended Complaint deprived Rafael Souffront of constitutional rights. However, that count demands judgment only against the COJ. The Court is of the opinion that allegations contained throughout the Amended Complaint concerning the Indvidual Defendants' intentional deprivation of Rafael Souffront's constitutional right to be free from excessive force by assaulting and beating him resulting in his death are sufficient to state a cause of action against the Individual Defendants for a violation of § 1983, as well as to withstand dismissal at this stage of the proceedings on qualified immunity grounds, but that the language contained in Count XXV is confusing and should be dismissed with leave to amend to allow the Plaintiff to more clearly state her §1983 claims against the Individual Defendants.[9]

Wrongful Death – Counts XV-XXIV– Ground 5

Plaintiff agrees that she has not sufficiently pled the required elements of a cause of action for wrongful death pursuant to Fla. Stat. 768.16 et seq. The Court will grant the motion to dismiss as to Counts XV-XXIV with leave to amend.

---

[9] The Court also notes that the Plaintiff names the Individual Defendants in their individual capacities, which evidences her intent to sue them pursuant to § 1983. Nevertheless, the Amended Complaint is confusing and should be amended to more clearly assert those claims.

## CONCLUSION

The COJ and Individual Defendants' Motions to Dismiss (Docs. 17 and 18) are granted as set forth above. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Defendant City of Jacksonville's Motion to Dismiss (Doc.17) is granted, and Counts III and XIV are dismissed without leave to amend, and Counts I, II, and XXV are dismissed with leave to amend;

2. That the Individual Defendants' Motion to Dismiss (Doc.18) is granted and Counts XV through XXV are dismissed with leave to amend; and

3. That the Plaintiff shall have until August 31, 2007, to file her Second Amended Complaint in accordance with this Order.

**DONE AND ORDERED** this __8TH__ day of August 2007.

*Howell W. Melton*
Senior United States District Judge

Copies to:
Counsel of Record